QUESTION: Does Ch. 177, F.S., require streets designated within a subdivision plat to be dedicated to the public?
SUMMARY: Chapter 177, F.S., does not require streets designated within a subdivision plat to be dedicated to the public. The plat included with your question shows a subdivision with the statement that "[a]ll land not included in lots shall be common use land for all owners of lots within this Camelot Homes subdivision. All owners of lots within this Camelot Homes subdivision shall have full rights of access to all common use land within the subdivision." Nothing in this wording would tend to show an intent to transfer ownership in the common use land to the lot owners. This is simply an easement for their benefit, and ownership would remain in the present owners. Section 177.081(1), F.S., requires that "[e]very plat of a subdivision filed for record must contain a dedication by the developer. . . ." Section 177.081(2), supra, provides that all "streets, alleys, easements, rights-of-way and public areas shown on the plat," are deemed to be dedicated for public use "unless otherwise stated." Thus s. 177.081(2), supra, clearly implies the authority to designate roads and open areas on a subdivision plat as private rather than public. Cf. AGO 074-346, ruling that streets and other areas in a subdivision which are specifically designated for use only by lot owners are subject to ad valorem taxation. In this case, all roads and open areas are designated for the common use of the landowners, thereby inferring that they are for the landowners' private use only. There are no areas left for dedication to the public, either explicitly or by operation of the presumption. Section 177.081(1), quoted previously, does not specify what is to be dedicated, streets, open areas, etc., "[i]n seeking legislative intent by tracing history of legislation, it is proper to consider acts passed at prior or subsequent sessions including those repealed, as well as those passed at the same session." Watson v. Holland,20 So.2d 388, 393 (Fla. 1944), reh. den. 1945; cert. den. 325 U.S. 839
(1945). See also Amos v. Conkling, 126 So. 283 (Fla. 1930) and 30 Fla. Jur. Statutes s. 103. By referring to the preceding statute prior to 1971, s. 177.06, F.S. 1969, originally enacted in 1925, required ". . . there shall be a dedication of the plat. . . ." (Emphasis supplied.) Therefore, in my opinion, s. 177.081(1), F.S., simply carries forward the same meaning and requires a dedication of the plat in conformance with the words in s.177.081(1) stating which parties are required to make the dedication. Even in this case where there are no public lands to be dedicated, s. 177.081(1) requires that a statement of dedication of the plat be executed by the specified parties. Therefore, your specific question is answered in the negative. Streets designated within a subdivision plat do not have to be dedicated to the public; however, there must be a specific reservation to private use of those areas on the plat; and the plat must be dedicated in accordance with s. 177.081(1), F.S.